IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GAMASONIC LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| SOLAR GOES GREEN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

## COMPLAINT

COMES NOW Plaintiff Gamasonic Ltd. ("Plaintiff") and for its Complaint against Defendant Solar Goes Green, LLC ("Defendant"), states as follows:

## PRELIMINARY STATEMENT

Plaintiff brings a claim against Defendant for Defendant's infringement of U.S. Patent No. 7,172,307 (the "'307 Patent") in violation of 35 U.S.C. § 271. Accordingly, Plaintiff seeks, among other relief, a permanent injunction to prevent Defendant from importing into the United States and manufacturing, having manufactured, distributing, offering to sell, and selling within the United States any products that infringe the '307 Patent; damages in the form of lost profits and/or a reasonable royalty; and the reasonable attorney's fees and costs incurred in prosecuting this action.

## THE PARTIES

1.     Plaintiff Gamasonic Ltd. is a corporation organized and existing under the laws of Israel, with a principal place of business located at 27 Allenby Street, Tel Aviv, Israel 63322.

2.     Plaintiff's exclusive distributor of Plaintiff's products in the United States is Gama Sonic USA, Inc. ("Gama Sonic USA"), a corporation organized and existing under the laws of the State of Georgia with a principal place of business located at 8601 Dunwoody Place, Suite 315, Atlanta, Georgia 30350.

3.     Upon information and belief, Defendant Solar Goes Green, LLC is a limited liability company organized and existing under the laws of the State of Indiana, with a principal place of business located at 1140 E. Franklin Street, Huntington, Indiana 46750. Upon further information and belief, Defendant can be served with process through service upon its registered agent, Wayne Grigsby, 3805 Vermilion Cliffs, Fort Wayne, Indiana 46814.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. § 1338.

5.     Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed a tortious act within the Northern

2

SGR/12396511.1

District of Georgia by offering to sell, selling, and distributing products that infringe the '307 Patent to customers and potential customers in this District.

6. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1400(b), because Defendant is subject to personal jurisdiction in this District and therefore resides in this District.

## PATENT INFRINGEMENT

7. On February 6, 2007, the '307 Patent was duly and legally issued. The '307 Patent has been at all times since the date of issue, valid and enforceable. A true and correct copy of the '307 Patent is attached as Exhibit A.

8. The '307 Patent is directed to a solar powered garden light.

9. Plaintiff manufactures, distributes, sells and offers to sell solar powered lights that incorporate the inventions claimed in the '307 Patent under the brand GAMA SONIC.

10. There is a substantial demand for Plaintiff's GAMA SONIC solar powered light products.

11. True and correct printouts from Plaintiff's website www.gamasonic.com dated September 23 and 24, 2014, showing examples of some of Plaintiff's GAMA SONIC solar powered lights covered by the '307 Patent are attached as Exhibit B.

3

12.     In January 2014, Plaintiff's exclusive United States distributor Gama Sonic USA signed Defendant to be a drop shipper of Plaintiff's products.  A drop shipper is an entity that does not purchase inventory itself for resale, but, instead, takes orders from customers through its own website, and then has the supplier ship the ordered products directly to the drop shipper's customers.

13.     As a registered drop shipper, Defendant was given access to various materials and information to assist Defendant in marketing and selling Plaintiff's products, including product images, promotional materials, and information about Plaintiff's products, technology, and knowhow.

14.     On January 6, 2014, Gama Sonic USA shipped a Black Solar Lamp Post (Deck Mount) product from Plaintiff's Victorian Series to one of Defendant's customers in response to an order from Defendant.    A printout from the www.gamasonic.com website dated September 24, 2014, showing and describing this product is attached as Exhibit C.

15.     The Victorian Series Black Solar Lamp Post product shipped to one of Defendant's customers on January 6, 2014, is covered by the claims of the '307 Patent.

SGR/12396511.1

16.     All of Plaintiff's products covered by the '307 Patent, including the Victorian Series Black Solar Lamp Post product shipped to one of Defendant's customers on January 6, 2014, are marked with the number of the '307 Patent.

17.     Since January 2014, Defendant has ordered various products covered by the '307 Patent from Plaintiff's United States distributor Gama Sonic USA, including several products from Plaintiff's Victorian Series product line.

18.     As a result of Defendant's relationship with Gama Sonic USA, upon information and belief, Defendant has had actual knowledge of the '307 Patent since at least January 2014.

19.     In June 2014, with actual knowledge of the '307 Patent, Defendant announced in a newsletter that it was introducing a new "SGG-Coach-10 Solar Light" product (the "Accused Product").  A true and correct copy of the newsletter is attached as Exhibit D.

20.     Upon information and belief, since June 2014, Defendant has been offering the Accused Product for sale in the United States.

21.     Upon information and belief, in or about August 2014, with actual knowledge of the '307 Patent, Defendant began importing the Accused Product into the United States and has been marketing, distributing and selling the Accused Product to customers in the United States since about August 2014.

SGR/12396511.1

22.   A true and correct copy of a printout from Defendant's website www.solargoesgreen.com dated September 23, 2014, showing the Accused Product is attached as Exhibit E.

23.   Upon information and belief, Defendant has marketed and sold the Accused Product to third-party distributors, including Amazon.com and A1 Solar Solutions.  True and correct copies of printouts from the websites of Amazon.com and A1 Solar Solutions dated September 23, 2014, that promote Defendant's Accused Product are attached as Exhibit F.

24.   Upon information and belief, Defendant, with actual knowledge of the '307 Patent, had a manufacturer outside of the United States copy Plaintiff's Victorian Series product covered by the '307 Patent to create the Accused Product.

25.   The Accused Product incorporates the inventions claimed and described in at least claim 10 of the '307 Patent.

26.   By importing into the United States, manufacturing, having manufactured, offering to sell, distributing, selling and using the Accused Product in the United States, Defendant is directly infringing the '307 Patent.

27.   As indicated in Exhibits D and E, Defendant is offering to sell the Accused Product to potential customers in the United States.  In particular, Exhibits D and E evidence Defendant's specific intent to induce potential

SGR/12396511.1

customers to infringe at least Claim 10 of the '307 Patent under 35 U.S.C. § 271(b) by offering to sell, selling and using the Accused Product.

28.    As indicated in Exhibit F, Defendant has induced Amazon and A1 Solar Solutions to offer and sell the Accused Product to their customers.

29.    Exhibits D, E, and F evidence that Defendant knew that (1) the Accused Product is especially made or especially adapted for use in infringing the '307 Patent and that (2) the Accused Product is not a staple article or commodity of commerce suitable for non-infringing uses.  Consequently, Defendant is liable as a contributory infringer under 35 U.S.C. § 271(c).

30.    Upon information and belief, the acts of Defendant complained of herein have been committed intentionally and willfully with actual knowledge of Plaintiff's rights in the '307 Patent.

31.    Upon information and belief, Defendant will not cease such tortious acts unless enjoined by this Court.

32.    Defendant's acts of direct infringement, inducement of infringement, and contributory infringement have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

SGR/12396511.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment on its patent infringement claim be entered for Plaintiff and against Defendant;

WHEREFORE, Plaintiff also prays for the following:

(a)     that Defendant be ordered to account to Plaintiff for the actual damages, in the form of a reasonable royalty and/or lost profits, suffered by Plaintiff as a result of Defendant's acts of infringement of the '307 Patent, as set forth in this Complaint, the exact extent of which is to be determined at trial;

(b)     that Defendant, its subsidiaries and all affiliated companies, its officers, agents, servants, representatives, employees, attorneys, successors, assigns, heirs, and all persons acting in concert or participation with them, be permanently enjoined, during the time period during which the '307 Patent is in force and effect, from:

(1)     importing into the United States, manufacturing, having manufactured, distributing, selling, offering to sell, and using in the United States the Accused Product, and/or any other light product that directly infringes the '307 Patent;

(2)     actively inducing any other person to infringe the '307 Patent;

SGR/12396511.1

(3)     contributing to another person's infringement of the '307 Patent; and

(4)     performing any further acts of infringement of the '307 Patent.

(c)     that in the event that damages are awarded, Defendant be ordered to pay to Plaintiff three times the damages suffered by reason of the willful and intentional infringement of the '307 Patent, as set forth in this Complaint;

(d)     that the Court find this case to be exceptional under 35 U.S.C. § 285 and award Plaintiff its reasonable attorney's fees for having to bring this action to preserve its rights in the '307 Patent;

(e)     that Defendants be ordered to deliver up for destruction all Accused Products and all other infringing products in Defendant's possession or control in the United States;

(f)     that Plaintiff be awarded its costs associated with bringing this action to preserve its rights in the '307 Patent;

(g)     that Plaintiff be awarded prejudgment interest; and

(h)     that Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated:  September 30, 2014.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

s/ Elizabeth G. Borland
Elizabeth G. Borland
Georgia Bar No. 460313
egborland@sgrlaw.com
Matthew Warenzak
Georgia Bar No. 624484
mwarenzak@sgrlaw.com
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404) 815-3500
Fax: (404) 815-3509

Attorneys for Plaintiff Gamasonic Ltd.

SGR/12396511.1